IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ROBERT SEIFRIED,**

      Plaintiff,

v.                                      Civil Action No. **3:21CV195**

**LT. SAMPLE,** *et al.,*

      Defendants.

## MEMORANDUM OPINION

Robert Seifried, a Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983[1] action.[2]

The action proceeds on Seifried's Particularized Complaint ("Complaint," ECF No. 19). In his

Complaint, Seifried names the following individuals as defendants: Larry Leabough,

Superintendent of Riverside Regional Jail ("Jail"); F. Mack, III, Major of One Building;

Lieutenant Sample (collectively, "Defendants"); and, Nurse Harris.[3] (ECF No. 19, at 1.) Claims

One, Two, and Four remain before the Court.

In Claim One, Seifried states:

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] The Court employs the pagination assigned by the CM/ECF docketing system to the parties' submissions. The Court corrects the spelling, punctuation, and capitalization and omits the emphasis in quotations from the parties' submissions. The Court generally omits any secondary citations in the quotations from the parties' submissions.

[3] Seifried and Nurse Harris agreed that all claims against her should be dismissed. Accordingly, by Memorandum Order entered on August 15, 2022, the Court dismissed all claims against Nurse Harris. (ECF No. 75.)

Larry Leabough had informed me that I was doing SHU life for a charge the staff gave me 30 days on that is a violation o[f] my . . . right to due process.[4]  You do your time and leave.  You don't do 8 months in the SHU after getting only 30 days! Anything over 15 days is torture, that is why I think I'm due for relief because that long in the SHU takes a lot from your mental health!

(*Id.*)

In Claim Two, Seifried states:

F. Mack, III is the one that told Leabough to keep me on SHU life after I had done my time and was supposed to leave.  For that, he violated my civil right . . . to due process also!

(*Id.*)

In Claim Four, Seifried states:

Lt. Sample violated my 8th Amendment[5] by neglecting my mental health after seeing me hurt myself over and over again . . . after I cut myself up and he seen [it], he just walked off and never did anything about it!

(*Id.* at 2.)

The matter is before the Court on the Motion for Summary Judgment filed by

Defendants.  (ECF No. 39.)  Seifried was provided with appropriate *Roseboro*[6] notice and has

responded.  For the reasons set forth below, summary judgment will be GRANTED IN PART

and DENIED WITHOUT PREJUDICE IN PART.  Specifically, Claim Four will be

DISMISSED.  Defendants will be DIRECTED TO SUBMIT another Motion for Summary

Judgment with respect to Claims One and Two.

---

[4] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ."  U.S. Const. amend. XIV, § 1.

[5] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const. amend. VIII.

[6] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

## II.  Summary Judgment Standard

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The party seeking summary judgment bears the responsibility to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted).  When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).  However, a mere scintilla of evidence will not preclude summary judgment.  *Anderson*, 477 U.S. at 251 (citing *Improvement Co. v. Munson*, 81 U.S. (14 Wall.) 442, 448 (1872)).  "[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed." *Id.* (quoting *Munson*, 81 U.S. at 448).  Additionally, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th

3

Cir. 1994) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7 (5th Cir. 1992)); *see* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . .").

In support of their Motion for Summary Judgment, Defendants submitted: a declaration of Andrea Canada, a classification officer at the Jail (ECF No. 43–1); a declaration from Major Mack (ECF No. 43–3); a declaration from Superintendent Leabough (ECF No. 43–18); a declaration from Lieutenant Sample (ECF No. 43–19); a declaration from Hester Graves, the Medical Records Clerk at the Jail (ECF No. 43–20); a declaration from Laura Reedy, the Grievance Coordinator at the Jail (ECF No. 43–22); a host of Seifried's records from the Jail (ECF Nos. 43–2; 43–4 through 43–17); and, Seifried's medical records (ECF No. 43–21). On December 13, 2021, Defendants filed a Reply wherein they submitted: another declaration from Laura Reedy (ECF No. 47–1, at 1–2); a declaration from Lt. Charlene Jones (ECF No. 47–2, at 1–2); and, Jail Policies/Regulations (ECF No. 47–1, at 3–64; ECF No. 47–2, at 3–17.)

On December 6, 2021, Seifried filed a one-page response to the Motion for Summary Judgment filed by Defendants. (ECF No. 46.) Seifried attached fifty-six pages of various documents to his December 6, 2021 response. (ECF No. 46–1.) On January 7, 2022, Seifried filed a document titled "Reply Summary Judgment." (ECF No. 51.) Defendants moved to strike Seifried's Reply Summary Judgment because it is not authorized by the Local Rules. In light of Seifried's *pro se* status and the fact that Defendants raised new arguments and presented new evidence in their Reply, Defendants' Motion to Strike (ECF No. 55) will be DENIED.

4

## A. **Deficiencies with Respect to Seifried's Evidence**

At this stage, the Court must assess whether Seifried "has proffered sufficient proof, in the form of *admissible* evidence, that could carry the burden of proof of his claim at trial." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993) (emphasis added). The facts offered by an affidavit or sworn declaration must be in the form of admissible evidence. *See* Fed. R. Civ. P. 56(c)(4). In this regard, the sworn statement "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *Id.* Therefore, "summary judgment affidavits cannot be conclusory or based upon hearsay." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996) (internal citations omitted).

On the face of his December 6, 2021 response, Seifried stated: "I, Robert Seifried, hereby swear under penalty that any and all of my statements are in fact true." (ECF No. 46, at 1.) This statement does not transform the December 6, 2021 response, or the attachments to that document, or any of Seifried's prior submissions into admissible evidence. The Court has repeatedly informed Seifried that:

> [T]he Court will not consider as evidence in opposition to any motion for summary judgment a memorandum of law and facts that is sworn to under penalty of perjury. Rather, any verified allegations must be set forth in a separate document titled "Affidavit" or "Sworn Statement," and reflect that the sworn statements of fact are made on personal knowledge and the affiant is competent to testify on the matters stated therein. *See* Fed. R. Civ. P. 56(c)(4).

(ECF No. 20, at 2; ECF No. 24, at 2.)

## B. **Deficiencies with Respect to the Defendants' Evidence**

Claims One and Two concern Seifried's placement in a restrictive housing unit (R.H.U.) after Jail officials found a hole in his cell's exterior window and contraband in his cell. Initially, Defendants contend Claims One and Two should be dismissed because Seifried failed to exhaust

his administrative remedies as required by 42 U.S.C. § 1997e(a).  (ECF No. 43, at 10–11.)
Because the exhaustion of administrative remedies is an affirmative defense, Defendants bear the
burden of pleading and proving lack of exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007).  In
support of this argument, Defendants note that Seifried failed to file any grievances pertaining to
his confinement in R.H.U.  (ECF No. 43, at 11.)  Defendants, however failed to attach to their
Motion for Summary Judgment a copy of Jail's rules reflecting that Seifried was required to file
a grievance pertaining to his detention in R.H.U. to exhaust his administrative remedies.
Furthermore, in their Reply, Defendants specifically state that inmates at the Jail "are not able to
grieve classifications decisions," such as Seifried's placement and retention in the R.H.U.  (ECF
No. 47, at 4.)  Instead, Defendants contend that inmates only may appeal a classification or
housing assignment by request via a kiosk, and that Seifried has not submitted such an appeal.
(*Id.*)  It is unclear from their contradictory submissions whether Defendants intend to maintain
exhaustion as a defense, and if so, on what grounds.

  With respect to the merits of Claims One and Two, Defendants Leabough and Mack
acknowledge that due process requires, "[i]f the restriction imposed by jail officials is
disciplinary one — arising from a pretrial detainee's misconduct in custody — the detainee is
entitled to **notice of the alleged misconduct**, a hearing, and a written explanation of the
resulting decision."  (ECF No. 43, at 12 (emphasis added) (quoting *Williamson v. Stirling*, 912
F.3d 154, 175 (4th Cir. 2018)).  Thereafter, Defendants argue that "Seifried was afforded due
process for both the disciplinary infractions and for the administrative transfer.  (*Id.* at 13 (citing
Ex. B, Ex. 4 & 5).)  Defendants, however, fail to attach any evidence reflecting that Seifried

received notice of the alleged misconduct prior to his disciplinary hearing.[7]  Given the inadequacy of the current briefing, the Court concludes the appropriate disposition is to deny without prejudice the Motion for Summary Judgment with respect to Claims One and Two.[8]  *See Birdsong v. Ponton*, No. 3:14CV702, 2016 WL 1031299, at *1 (E.D. Va. Mar. 9, 2016) (following a similar procedure).  The Court shall provide further directions with regard to briefing at the conclusion of this Memorandum Opinion.

The present Memorandum Opinion will only address Claim Four against Lieutenant Sample.  In light of the foregoing principles and submissions discussed above, the following facts are established for the purposes of the Motion for Summary Judgment.  All permissible inferences are drawn in favor of Seifried.

### III.  Relevant Facts

Seifried was processed into the Jail on December 9, 2019.  (ECF No. 43–1 ¶ 3.)  Seifried remained a pretrial detainee at the jail until he was sentenced in August of 2021.  (*Id.*)  Seifried "was classified as a maximum custody inmate due to the nature of his criminal charges and past criminal history."  (*Id.*)

Lieutenant Sample is the Operations Lieutenant at the Jail.  (ECF No. 43–19 ¶ 2.)  Seifried "does not recall observing an incident where Seifried cut or attempted to hurt himself."  (*Id.* ¶ 3.)  Lieutenant Sample asserts that if he had observed "an instance where Seifried was attempting to harm himself, [he] would have sent him to mental health."  (*Id.* ¶ 4.)

---

[7] For other disciplinary charges, it is clear that Seifried received a document titled, "NOTICE OF DISCIPLINARY HEARING." (*See, e.g.*, ECF No. 43–13, at 3.)

[8] In reaching this conclusion, the Court also considers the general rule that a party shall not file separate motions for summary judgment. *See* E.D. Va. Loc. Civ. R. 56(C) ("Unless permitted by leave of Court, a party shall not file separate motions for summary judgment addressing separate grounds for summary judgment.")

## IV. Analysis

With respect to the claim presently before the Court, because Seifried "was a 'pretrial detainee and not a convicted prisoner,' the Fourteenth Amendment, and not the Eighth Amendment, governs his claim[s]." *Mays v. Sprinkle*, 992 F.3d 295, 300 (4th Cir. 2021) (quoting *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988)). However, in the context of inadequate medical or mental health care, to survive a motion for summary judgment under either the Eighth Amendment or Fourteenth Amendment, a plaintiff must demonstrate that the defendant acted with deliberate indifference to his serious medical or mental health needs. *Brown v. Harris*, 240 F.3d 383, 388 (4th Cir. 2001) ("[W]e need not resolve whether Brown was a pretrial detainee or a convicted prisoner because the standard in either case is the same—that is, whether a government official has been 'deliberately indifferent to any [of his] serious medical needs.'" (second alteration in original) (quoting *Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990))).[9]

A medical need is "serious" if it "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity

---

[9] The Supreme Court of the United States has held that, for a pretrial detainee to establish an excessive force claim under the Fourteenth Amendment, they need not show that the officer was subjectively aware that the use of force was excessive; rather, they need only show that the force purposely, knowingly, or recklessly used against them was objectively unreasonable. *Kingsley v. Hendrickson*, 576 U.S. 389 (2015). However, *Kingsley* did not address whether this standard applies to other claims by pretrial detainees pursuant to the Fourteenth Amendment, and, to date, the United States Court of Appeals for the Fourth Circuit has not considered this issue. *See Mays*, 992 F.3d at 301–02 n.4 (noting that the Fourth Circuit has yet to address whether *Kingsley* applies to other deliberate indifference claims by pretrial detainees and collecting other circuit court of appeals cases that are split on the issue); *Sams v. Armor Corr. Health Servs., Inc.*, No. 3:19CV639, 2020 WL 5835310, at *19 n.19 (E.D. Va. Sept. 30, 2020) (noting that "absent a Fourth Circuit decision applying *Kingsley* to medical deliberate indifference claims, the Court will continue to apply well-settled Fourth Circuit precedent on this matter.").

for a doctor's attention." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999)).

The subjective prong of a deliberate indifference claim requires the plaintiff to demonstrate that a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson*, 195 F.3d at 695) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998) (citing *Farmer*, 511 U.S. at 837). Thus, to survive a motion for summary judgment under the deliberate indifference standard, a plaintiff "must show that the official in question subjectively recognized a substantial risk of harm . . . [and] that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997)).

Seifried has failed to produce any evidence that Lieutenant Sample was aware that Seifried was at risk of harming himself. Indeed, the record affirmatively shows that Lieutenant Sample never observed any prior incident where Seifried cut or attempted to hurt himself. Lieutenant Sample swears that if he had observed "an instance where Seifried was attempting to

harm himself, [he] would have sent him to mental health." (ECF No. 43–19 ¶ 4.) Because Seifried has failed to demonstrate that Lieutenant Sample acted with deliberate indifference, Claim Four will be DISMISSED.

## V. Conclusion

Defendants' Motion to Strike (ECF No. 55) will be DENIED. The Motion for Summary Judgment (ECF No. 42) will be GRANTED IN PART AND DENIED PART. Claim Four will be DISMISSED. Defendants' Motion for Summary Judgment with respect to Claims One and Two will be DENIED WITHOUT PREJUDICE. Defendants shall file another Motion for Summary Judgment within forty-five (45) days of the date of entry hereof and correct the deficiencies noted by the Court. Additionally, Defendants and Seifried are reminded of their obligations under Local Civil Rule 56(B).[10] Given the number of documents submitted by the

---

[10] That rule provides:

> Each brief in support of a motion for summary judgment shall include a specifically captioned section listing all material facts as to which the moving party contends there is no genuine issue and citing the parts of the record relied on to support the listed facts as alleged to be undisputed. A brief in response to such a motion shall include a specifically captioned section listing all material facts as to which it is contended that there exists a genuine issue necessary to be litigated and citing the parts of the record relied on to support the facts alleged to be in dispute. In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its listing of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

E.D. Va. Loc. Civ. R. 56(B).

parties, it is necessary for the parties to number their list of undisputed facts/genuine disputed facts and provide a pinpoint cite to the record to support the listed fact.

An appropriate Order will accompany this Memorandum Opinion.

_____ /s/
M. Hannah Lauck
United States District Judge

Date: 8-23-2022
Richmond, Virginia